IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-cv-00080-RLV

| | |
|---|---|
| HERMAN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAMPBELL AND ASSOCIATES, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). On June 3, 2013, Plaintiff Harris, proceeding pro se, commenced this action alleging that Defendant Campbell and Associates claims to be in negotiations with Liberty Mutual regarding Plaintiff's personal-injury claim, though Plaintiff believes such negotiations have in fact ended. (Doc. 1 at 1) (complaining of continued receipt of medical bills). Defendant has allegedly speculated that these settlement negotiations will result in a payment of $1,400, though Plaintiff believes himself entitled to $6,000. (*Id.*) Because Plaintiff seeks to proceed *in forma pauperis*, initial review of the matter is appropriate pursuant to 28 U.S.C. § 1915(e)(2).[1] For the reasons explained below, the Court here grants Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) for the limited purpose of reviewing the Complaint and dismisses Plaintiff's Complaint *sua sponte* for frivolousness and failure to state a claim.

The Court may dismiss the action if it concludes that "the allegation of poverty is untrue or the action . . . is frivolous or malicious . . . [or] fails to state a claim . . . ." 28 U.S.C. §

---

[1] Plaintiff's action is subject to summary dismissal before service of process or amendment of the complaint following screening under section 1915(e)(2). *See, e.g., In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

1

1915(e)(2). District courts have a duty to construe pleadings by pro se litigants liberally; however, a pro se plaintiff must nonetheless allege a non-frivolous cause of action. While such litigants with meritorious claims should not be tripped up in court on technical niceties, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *Gordon* "does not require [the] courts to conjure up questions never squarely presented to them . . . [, and e]ven in the case of pro se litigants, [district courts] cannot be expected to construct full blown claims from sentence fragments, which is essentially what [Plaintiff] is seeking here," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Whether a complaint "state[s] a claim on which relief can be granted" under 28 U.S.C. § 1915(e)(2)(B)(ii) is determined by "the familiar standard for a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)); *Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1483 (4th Cir. 1996) ("The incorporation of identical or similar language from an act with a related purpose evidences some intention to use it in a similar vein." (internal quotations and citations omitted)). The legal sufficiency of the complaint is measured by whether it meets the standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

Furthermore, although district courts must liberally construe pro se complaints, courts cannot act as the pro se plaintiff's advocate or develop claims that such plaintiff failed clearly to raise on the face of the complaint. *Gordon*, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). "Like plaintiffs who are represented by counsel, a pro se plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, No. 3:10-413, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (Cogburn, J.) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will simply not suffice." *Id.*

Plaintiff here fails adequately to describe any state or federal cause of action against Defendant. His present discontent with the speed or potential results of settlement discussions supports no plausible claim for relief. Therefore, the Court deems the Complaint frivolous per 28 U.S.C. § 1915(e)(2)(B)(i) and deficient per 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) be **GRANTED** for the limited purpose of entering this Order. The Complaint is hereby **DISMISSED** with prejudice.

Signed: August 26, 2013

Richard L. Voorhees
United States District Judge